

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-24-2003

# Montefusco v. Dept of Army

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3841

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Montefusco v. Dept of Army" (2003). *2003 Decisions*. Paper 346.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/346

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 02-3841

GARY J. MONTEFUSCO,

Appellant

v.

DEPARTMENT OF THE ARMY; LOUIS CALDERA,
Secretary of the Army, as an agent of
Department of the Army; EDWARD G. ELGART,
Director of Acquistions Center, individually
and as an agent of Department of the Army;
WENDY MCCUTCHEON, individually and as an
agent of Department of the Army; ANDREW DELLOMO,
individually and as an agent of Department of the Army

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil No. 00-cv-05647
District Judge: Hon. William H. Walls

Submitted pursuant to Third Circuit LAR 34.1(a)
July 14, 2003
Before: McKee, Barry & Rosenn, Circuit Judges
(Filed: July 24, 2003)

OPINION OF THE COURT

McKee, Circuit Judge.

Gary J. Montefusco appeals the district court's grant of summary judgment in

favor of the defendants and against plaintiff Montefusco in this civil rights action

Montefusco brought against the defendants alleging a violation of Title VII of the Civil Rights Act of 1964. We will affirm.

Inasmuch as we write only for the parties who are familiar with the factual and procedural background of this dispute, we need not reiterate the circumstances or rulings leading to this appeal. The district court filed its opinion on September 3, 2002 explaining why summary judgment in favor of defendants and against plaintiff was appropriate. We have reviewed that opinion and conclude that we can add little to the legal analysis that Judge Walls set forth therein. However, we do not completely agree with the District Court's analysis of the equitable tolling issue. Equitable tolling permits the filing of an otherwise untimely claim when a defendant deliberately conceals information relevant to a plaintiff's legal claim, making it impossible for the plaintiff to realize the existence of the claim until after the limitations period has expired (unless the plaintiff should have known about the claim otherwise through due diligence).

In this case, Montefusco argues that he could not have known of the Government's alleged discriminatory motive until scoring sheets for the promotion exam were provided to him in 1999, after having repeatedly requested the scores from the Government since 1997. He alleges that the scores for some questions on his exam were erased and modified downward, while the scores of some African-American women were modified upward, thus providing evidence of discriminatory purpose.

The District Court, however, held that Montefusco should have inferred

discriminatory intent based solely on his nonselection for promotion in 1997 and the selection of several minority women candidates, irrespective of the withheld scoring sheets. According to the District Court, the limitations period thus began at the moment his nonselection was announced. We disagree that the mere selection of African-American women candidates over a white male candidate could, standing alone, reasonably give rise to an inference of racial discrimination. Rather, we hold that there is no evidence that the test sheets, containing the alleged suspicious erasures, were withheld willfully, and we will affirm on that basis.

In this connection, we observe that Montefusco has produced naught but his own lay analysis of the erasures and their import. We are constrained to resolve motions for summary judgment on reliable evidence. Here, there is ample evidence that scores were periodically erased and modified for innocent purposes after the initial scoring, based on re-evaluation by the scorers. Nonetheless, trustworthy evidence that these erasures systematically boosted the scores of one group and diminished the scores of another might present statistical proof of discriminatory motive. However, we are unwilling to allow this case to proceed to trial based exclusively on a plaintiff's own personal assessment that the erasures favored minority applications over his application, without any expert testimony – or for that matter, any *objective* assessment whatsoever – to ascertain the nature of the erasures, which applicants had scores erased, whether the scores were changed up or down, or the statistical significance of these alterations.

3

Absent any trustworthy evidence to show that there was a disproportionate number of erasures on the score sheets of Montefusco and two African-American women applicants, or that the scores were altered to Montefusco's detriment and to the two women's benefit, we cannot ascribe any nefarious purpose to the Government's withholding of the sheets. Equitable tolling, therefore, does not apply. Accordingly, the order of the district court dated September 4, 2002, dismissing "all counts against defendants" is hereby affirmed.

TO THE COURT:

Please file the foregoing opinion.

By the Court,

 /s/ Theodore A. McKee

Circuit Judge

4